# In the United States District Court
# for the District of Kansas

**United States of America**,
        Plaintiff,

v.                                                    Case No. 24-10147-01 EFM

**Craig D. Drees**,
        Defendant.

## Motion to Dismiss Without Prejudice

The Court's Pretrial and Criminal Case Management Order plays a necessary and important role: "It . . . puts the case on track to be tried within the deadlines imposed by the Speedy Trial Act . . . and this Court's implementation of that statute through D. Kan. Rule CR 50.1." D.E. 12 at 1. But this case is not on track because the government has produced only a single piece of discovery – a Wichita Police Department incident report. Because of the government's inaction, Mr. Drees cannot reasonably investigate, research, and draft motions pursuant to Rule 12(b)(3) by February 3, 2025, as required by the Order. So, Mr. Drees requests that the Court dismiss the case without prejudice. If the government later becomes prepared to produce discovery in a timely manner, it can then seek to re-indict Mr. Drees when the case can proceed on track.

I. **Procedural Background**

Mr. Drees was charged by complaint with one count of bank robbery on December 16, 2024, D.E. 1, and he was indicted on the same charge the next day. D.E. 2. Mr. Drees was arrested on December 18, 2024. D.E. 4.

Mr. Drees was initially scheduled to make his initial appearance on this indictment on December 18th. But in part due to Mr. Drees testing positive for Covid-19, he did not make his initial appearance until December 30, 2024. *See* D.E. 3. On December 30, 2024, Mr. Drees was also arraigned, and the court advised the government of its obligations under the Due Process Protections Act. D.E. 6. On January 3, 2025, following a hearing, the court ordered Mr. Drees to remain detained pending trial. D.E. 11.

On January 6, 2025, the Court issued a Pretrial and Criminal Case Management Order. D.E. 12. It sets forth several deadlines, including:

a. "Discovery must be completed within 30 days after arraignment [January 29, 2024], to the extent possible." *Id.* at 10.

b. "Motions pursuant to Rule 12(b)(3) shall be filed no later than February 3, 2025." *Id.* at 2.

c. "A Status Conference is set for February 19, 2025[.]" *Id.*

d. "A Jury Trial will be held on March 4, 2025[.]" *Id.*

On January 5, 2025, the government informed defense counsel via email that it would try to informally produce all that it could at the beginning of that week, and that it would "start the process of formal discovery" as soon as possible. On January

2

14, 2025, the government produced a single Wichita Police Department incident report for the alleged robbery. This report references the following items that should be disclosed as part of the discovery process: surveillance video from several businesses, Axon videos, two search warrants, and several images from FLOCK, an automated license plate reader. According to this report, law enforcement also seized a cell phone from Mr. Drees' person. But the government has not produced any discovery beyond the incident report.

### II. Because the government has produced a single police report, Mr. Drees cannot reasonably comply with the Court's 12(b)(3) motions deadline

Because the government has produced only a single police report, Mr. Drees cannot reasonably comply with the Court's order that motions under Rule 12(b)(3) be filed no later than February 3, 2025. D.E. 12 at 2. Because the government has not produced the majority of discovery within 30 days after Mr. Drees' arraignment, as set forth in the Court's scheduling order, and this 30-day period concludes just five days prior to when motions under Rule 12(b)(3) are due, Mr. Drees has been denied the opportunity to reasonably investigate, research, and draft timely motions.

The Court's "automatic" discovery obligations are familiar to the government. D.E. 12 at 5 ("A specific request by either party is *not* necessary to trigger the obligations set forth in [the Court's] Order or any discovery-related rule or statute."). And these obligations are comprehensive: the government is required to automatically produce discovery pursuant to "*Brady* and *Giglio*" and "[a]ll notice

3

provisions of the Federal Rules of Criminal Procedure." *Id*. Generally, those rules include Rule 16 ("parties' disclosures and discovery") and Rule 26.2 ("production of witness statements"). *Id*. at n.4. And, importantly here, the government is required, under Rule 12, to automatically produce "evidence the defendant may seek to suppress." *Id*. These disclosures are necessary to enable the defense to comply with the Court's reciprocal requirement that the defense file motions under Rule 12(b)(3), including motions to suppress, by a date certain – here, February 3, 2025. *Id*. at 2.

The government has produced a single piece of discovery. Yet additional discovery must have been available for the government to produce for some time now. Afterall, the government alleges the conduct occurred on December 11, 2024. D.E. 2. Law enforcement applied for and received search warrants on December 11 and December 12, 2024. According to the disclosed police report, surveillance video from the bank, two nearby hotels, and a gas station were compiled by the Wichita Police Department by December 12, 2024, and a Wichita detective prepared the charging paperwork and provided it to an FBI federal task force officer for it to be adopted as a federal case on December 13, 2024.

The government compiled its investigative efforts into an affidavit in support of the complaint, D.E. 1-1, and then presented this case to a grand jury, which indicted Mr. Drees by December 17, 2024. Six weeks have now passed since the grand jury returned an indictment, but the government has not produced any discovery beyond a single police report.

And the government initiated this prosecution at a time of its choosing when it filed the complaint on December 16 and the indictment on December 17, 2024. It should have reasonably anticipated the familiar, automatic discovery deadlines that would follow. Yet, it has not provided critical discovery in advance of Mr. Drees' motions deadline. In particular, the applications for search warrants, an inventory of items seized during those searches, and additional discovery related to Mr. Drees' arrest and the seizure of the cell phone are necessary for Mr. Drees to evaluate, investigate, and prepare motions to suppress. The failure to produce any of this discovery deprives Mr. Drees of a reasonable opportunity to submit timely Rule 12(b)(3) motions.

### III. The appropriate remedy is dismissal without prejudice

District courts are free to enter discovery orders. *See generally United States v. Gonzales*, 164 F.3d 1285, 1291 (10th Cir. 1999). And district courts have "broad discretion in imposing sanctions on parties who violate discovery orders." *Id.* "If a party fails to comply with [Rule 16], the court may . . . enter . . . any order that is just under the circumstances." Rule 16(d)(2)(D); *See generally Gonzales*, 164 F.3d at 1291.

Here, a continuance pursuant to Rule 16(d)(2)(B) is not a just remedy. Had the government provided an incomplete discovery production that nevertheless allowed Mr. Drees to file pretrial motions, then perhaps more time to produce additional discovery would be justified. But that is not the case here – Mr. Drees cannot reasonably evaluate, investigate, or prepare motions based on a single police report.

Instead, the government's decision to delay disclosure of discovery that is needed for pretrial motions has now prevented Mr. Drees from presenting timely motions. The only "just" remedy "under the[se] circumstances" is dismissal without prejudice. The government can seek a new indictment if it is prepared to comply with the automatic discovery obligations in a way that allows Mr. Drees a reasonable opportunity to investigate, research, and draft Rule 12 motions.

Respectfully submitted,

s/ Ellen Albritton
ELLEN ALBRITTON
Sup. Ct. No. 28978
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS 67202
Telephone: (316) 269-6126
Fax: (316) 269-6175
E-mail: ellen_albritton@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court on January 29, 2025, by using the CM/ECF system, which will send a notice of electronic filing to the following:

Kari Burks
Assistant United States Attorney
kari.burks@usdoj.gov

s/Ellen Albritton
ELLEN ALBRITTON, #28978