# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**　　　　　　　　　　　　　　**CASE NO. 24-10147-01-EFM**

**CRAIG D. DREES,**

        **Defendant.**

## RESPONSE TO MOTION TO DISMISS (Doc. 14)

Comes now, the United States of America by and through Assistant United States Attorney Kari Burks, and hereby responds to the defendant's Motion to Dismiss Without Prejudice (Doc. 14) and requests the Court deny the defendant's request to dismiss the case. This case remains on track and the Government has complied with its discovery obligations imposed by the Pretrial and Criminal Case Management Order (Doc. 12) issued by this Court. As such, the defendant motion should be denied, and the case should not be dismissed.

I.      **Factual And Procedural Background.**

Defendant was charged with one count of bank robbery by complaint on December 16, 2024. (Doc. 1). The robbery occurred on December 11, 2024. On December 17, 2024, an Indictment was returned by the Grand Jury charging Defendant with one count of bank robbery. (Doc. 2). Defendant was diagnosed with Covid while in custody, so his initial appearance and arraignment occurred on December 30, 2024.

On January 6, 2025, the Court issued a Pretrial and Criminal Case Management Order, stating discovery "must completed within 30 days after arraignment, to the extent possible." (Doc. 12, Sec. 9). The Court has also ordered a continuing duty to disclose discovery stating that all parties have a continuing duty to promptly provide newly acquired discovery. (Doc. 12, Sec. 12).

On January 5, 2025, the Government advised that it would informally provide defense counsel with available discovery and the process of sending formal discovery would commence as soon as possible. On January 14, 2025, the Government provided defendant's counsel an incident report generated by the Wichita Police Department. Although Defendant refers to this document as a "single police report," the document included the narrative reports of fifteen (15) law enforcement officers and the Wichita Police Department detective's investigate notes.

Aside from the reports counsel refers to, discovery in this matter is comprised of seven hundred seventy-four (774) separate items. The items include but are not limited six hundred thirty (630) videos, one hundred thirty-eight (138) images, and six (6) document files.  These items were shared with the Government from the FBI through evidence.com,

a cloud based system that the Wichita Police Department uses to share digital evidence with the Government.

The government made diligent efforts to compile the significant amount of discovery in this case and to ensure all discovery would be provided so it could meet its discovery obligations. On January 30, 2025, all discovery in the Government's possession was provided to defendant's counsel.

**II.    The Government has produced discovery pursuant to The Pretrial and Criminal Case Management Order thus Defendant's inability to comply with deadlines should not result in a dismissal.**

In support of his motion, defendant argues that because the Government produced a "single piece of discovery" on January 14, 2025, additional discovery must have also been available for the Government to produce since that time. Defendant asserts, without support, that the Government intentionally delayed disclosure of discovery to prevent compliance with the Court's motions deadline.

As of January 14, 2025, the only item of discovery that had been provided to the Government from law enforcement outside of evidence.com were the officer narratives. The officer narratives were available and provided. The 774 items in evidence.com had to be downloaded from evidence.com and processed to be provided to defense counsel. Therefore, the entirety of discovery was not available to share on January 14, 2025 as defendant suggests.

The bank robbery occurred on December 11, 2024. Defendant was arrested on December 18, 2024. Due to this type of offense, the investigation and prosecution of the offense was reactive. Because of the nature of the investigation and high volume of video and photographic files, the discovery was not provided to the Government at the time of charging. Additionally, when discovery was initially shared through evidence.com, the Government was provided with over 1400 items. After review of the items, the Government determined that discovery unrelated to this case had been included. On January 15, 2025, the Government advised FBI of this issue. After FBI's additional attempts to share the correct items, the Government learned on January 21, 2025 that evidence.com was having issues throughout Wichita. On January 22, 2025, technical support with the Wichita Police Department was able to share the correct files. At that time, the Government worked diligently to produce the files in compliance with the Court's case management order. The Government in no way made a decision to delay disclosure of discovery as defendant suggests.

Discovery was provided to defense counsel on January 30, 2025, one day after the Court's discovery deadline. The Government complied with the order to the extent possible by providing discovery as promptly as possible upon availability. As such, the government has not been deficient in discovery production as to hinder the defendant's ability to comply with the Court's order that motions be filed no later than February 3, 2025. If

defendant needed more time to file motions the appropriate remedy would be a continuance but not dismissal based on insufficient discovery.

                                        Respectfully submitted:

                                        DUSTON J. SLINKARD
                                        ACTING UNITED STATES ATTORNEY

                                        /s/ Kari Burks
                                        KARI BURKS
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        301 N. Main, Suite 1200
                                        Wichita, Kansas 67202
                                        316-269-6481
                                        (316) 269-6484 (fax)
                                        Ks.S.Ct.No. 24171
                                        kari.burks@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I hereby certify that on February 3, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

                                        /s/ Kari Burks
                                        KARI BURKS
                                        Assistant United States Attorney