**In the United States District Court
for the District of Kansas**

---

**United States of America**,
                    Plaintiff,

v.                                                            Case No. 24-10147-01 EFM

**Craig D. Drees**,
                    Defendant.

---

**Reply to Government's Response to Motion to Dismiss**

---

In its response to Mr. Drees' motion to dismiss the indictment, the government puts forward two reasons for why its post-discovery-deadline production nevertheless complied with the Court's discovery deadline: (1) the "reactive" nature of the investigation and the "high volume" of discovery, and (2) technical difficulties with the platform used by law enforcement to provide discovery to the United States Attorney's Office. D.E. 16 at 4. But for the reasons explained below, these reasons do not excuse the government's late production. Additionally, the government still has not produced key items, including applications for two search warrants, and the proper remedy is to dismiss the indictment without prejudice.

I.    **Neither a "reactive" investigation nor a "high volume" of discovery excuses the government from its "automatic" discovery obligations**

The government asserts that it has not been deficient in its discovery obligations because of the "reactive" nature of the investigation and because of the

"high volume" of discovery. *See* D.E. 16 at 4. ("Because of the nature of the investigation and high volume of video and photographic files, the discovery was not provided to the Government at the time of charging."). But the government was not required to initiate prosecution of this case when it did. When to charge a case – whether by complaint or through an indictment – is entirely within the government's control. Under the Pretrial and Criminal Case Management Order, "[d]iscovery must be completed with 30 days after arraignment, to the extent possible." D.E. 12 at 10. Knowing the "automatic" discovery obligations that would follow, *id.* at 5, the government should have ensured that when it initiated prosecution of this case, it was ready to do so. This means being able to comply with its obligation to produce discovery within 30 days of arraignment.

And despite the high volume of discovery, this is not a case where the discovery didn't yet exist or hadn't yet been obtained by law enforcement. The Wichita Police Department (WPD) applied for, received, and executed search warrants on December 11 and December 12, 2024, for a hotel room and for a minivan. The WPD Crime Scene Investigation Report was completed on December 11. Much of the surveillance video had been collected and reviewed by the Wichita Police Department by December 12, 2024. All this discovery was in the possession of the WPD prior to the government filing the complaint that charged Mr. Drees on December 16. The government is not relieved of its discovery obligations merely because its own investigating agents have been slow in turning the discovery over to the prosecution. *See Smith v. Sec'y of N.M. Dept. of Corrs.*, 50 F.3d 801, 831 (10th

Cir. 1995) ("Under prevailing principles governing *Brady* claims, this information, having been possessed by an investigative arm of the state that the prosecution knew was involved in investigating this case, is imputed to the prosecution under *Brady*.").

The government's arguments that its late production is excusable is even less persuasive here because rather than choosing to present this case to a grand jury when it did, the government could have elected to allow this case to proceed on complaint status until the government was ready to comply with its discovery obligations. Mr. Drees was charged by complaint on December 16, 2024, and he was indicted the next day. D.E. 1; D.E. 2. Had Mr. Drees' case proceeded via complaint, he would have been entitled to a preliminary hearing under Federal Rule of Criminal Procedure 5.1. This hearing would have taken place on or before January 13, 2025 – a date prior to any discovery being produced in this case. Though not a replacement for the government's discovery production, this hearing would have provided Mr. Drees with an opportunity to hear the government's case against him through the examination and cross-examination of witnesses. At his preliminary hearing, Mr. Drees also could have invoked Federal Rule of Criminal Procedure 26.2 to require the government to produce witnesses' statements.

By choosing to proceed as it did – indicting this case before it was ready to comply with its discovery obligations – the government prevented Mr. Drees from using the preliminary hearing process to learn of the government's evidence against

him, while also failing to produce that evidence by the Court's discovery deadline.

All the while, Mr. Drees remained in custody.

## II.   Technical issues do not excuse the government from its discovery obligations

The government also argues that technical issues with Evidence.com excuse

its late production of discovery. This technical platform may be law enforcement's

preferred method for providing discovery to the government, but it isn't the only

one. For example, the WPD Crime Scene Investigation Report, the reports of digital

video evidence recovery, and the grand jury transcript – all text-based files – could

be shared via secure email message. The 138 photographs and even the 640 video

files can all fit on a single flash drive. Indeed, that's how all these files were

eventually produced to defense counsel. If there were technical issues with using

Evidence.com, the government should have used other methods to get the discovery

from its investigating agents and to produce it to defense counsel.

## III.   The government has yet to produce key items of discovery

On January 30, 2025, the day after the discovery deadline and a day after Mr.

Drees filed his motion to dismiss, the government produced approximately 630

videos, 138 images, and 6 document files. But this production did not include the

search warrant application for the hotel room, the search warrant application for

the minivan, the signed search warrant for the minivan, or the search warrant

return for the minivan. These documents are critical for evaluating whether to file

pretrial motions. A continuance of the motions deadline – which would require Mr.

5

Drees to waive his right to a speedy trial and to remain in pretrial custody – is not a sufficient remedy for the government's failure to timely produce discovery.

Respectfully submitted,


s/ Ellen Albritton
ELLEN ALBRITTON
Sup. Ct. No. 28978
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS 67202
Telephone: (316) 269-6126
Fax: (316) 269-6175
E-mail: ellen_albritton@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court on February 10, 2025, by using the CM/ECF system, which will send a notice of electronic filing to the following:

Kari Burks
Assistant United States Attorney
kari.burks@usdoj.gov

s/Ellen Albritton
ELLEN ALBRITTON, #28978

5