IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

  *Plaintiff,*

v.

              Case No. 24-10147-EFM

CRAIG D. DREES,

  *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court is Defendant Craig D. Drees's Motion to Dismiss Without Prejudice (Doc. 14). He requests dismissal of this case due to the Government's dilatory production of discovery The Government opposes, asserting that it has complied with its discovery obligations to the extent possible given the voluminous digital evidence in this case. For the reasons stated herein, the Court grants Mr. Drees's motion.

**I. Factual and Procedural Background**

At the outset, the Court notes that it has observed the Government's delayed production of discovery on several occasions. This pattern of delayed discovery causes the Court a great deal of concern. To address that concern, on December 11, 2024, the undersigned and District Judge Broomes held a meeting with attorneys from the United States Attorney's Office and the Federal Public Defender's Office to encourage more efficient discovery processing. This case illustrates that the Court's concerns have not been adequately addressed.

Mr. Drees is charged with robbing a bank on December 11, 2024. The Government charged Mr. Drees with a single Count of bank robbery by Complaint on December 16, 2024. A grand jury

returned an indictment on the same charge on December 17, 2024. Mr. Drees was arrested on December 18, 2024, and was scheduled to make his initial appearance that same day. However, because he tested positive for COVID-19, Mr. Drees's initial appearance and arraignment were delayed until December 30, 2024. Following that hearing, the Court ordered Mr. Drees to remain in pretrial custody.

The Court issued a Pretrial a Criminal Case Management Order on January 6, 2025, setting several deadlines in the case. Significant here, the Court ordered that "[d]iscovery must be completed within 30 days after arraignment, to the extent possible." Thirty days from arraignment was January 29, 2025.

On January 14, 2025 the Government produced an incident report generated by the Wichita Police Department which contained officer narrative reports and investigative notes. The report references surveillance video, Axon videos, search warrants, and other images from a license plate reader. Additionally, the report indicates that law enforcement seized a cell phone from Mr. Drees. When the January 29, 2025 deadline arrived and the Government had not provided any additional discovery, Mr. Drees filed the present motion.

On January 30, 2025, the Government provided Mr. Drees's counsel with all discovery within its possession. This included 774 separate items, 630 videos,138 images, and six document files. The Government produced these items via flash-drive. When Mr. Drees's counsel received these items, the documents were not clearly organized or labeled. Significanlty, though, the Government did not produce all of the search warrants in this case or the documents supporting those warrants.

On February 10, 2025, the Government filed a timely response to Mr. Drees's motion. Mr. Drees filed a timely reply. The Court held a hearing on February 26, 2025 to address Mr. Drees's motion. Mr. Drees has remained in pretrial custody since his arrest on December 18, 2024.

## II.     Legal Standard

"[A] district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"[1] Included in that inherent power is the authority to issue discovery orders.[2] Further, "[d]istrict courts have broad discretion in imposing sanctions on parties who violate discovery orders."[3] In considering an appropriate remedy for delayed production of discovery, courts should consider "(1) the reason for the delay; (2) whether the delay prejudices the other party; and (3) the feasibility of curing the prejudice with a continuance."[4] "The court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order."[5]

## III.    Analysis

**A.    The reasons for delay were entirely within the Government's control.**

The Government proffers several reasons for the delayed discovery. First, the Government reacted quickly in bringing the charge—Mr. Drees was charged just days after the alleged robbery. Second, voluminous digital, video, and photographic evidence in this case made discovery unwieldy. Third, law enforcement initially overproduced documents to Government counsel—

---

[1] *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

[2] *See United States v. Gonzales*, 164 F.3d 1285, 1291 (10th Cir. 1999).

[3] *Id.*

[4] *United States v. Russell*, 109 F.3d 1503, 1511 (10th Cir. 1997).

[5] *Gonzales*, 164 F.3d at 1292 (citing *United States v. Ivy*, 83 F.3d 1266, 1280 (10th Cir. 1996).

over 1400 items—which caused a back-and-forth to identify documents relevant only to this case. Finally, the Government cites delays associated with learning systems newly implemented to facilitate efficient discovery processing.

The Court finds that, with the exception of the reactive nature of the case, the reasons offered are entirely within the Government's control. The delay appears to be the result of a cumbersome bureaucracy not taking its obligations seriously. Although the Government offers that it is implementing new systems and technologies to increase its efficiency, the Court has seen no improvement. In fact, it appears that the technological solutions have contributed to the delay here. Ultimately, the Court finds that Government counsel is operating in good faith but has been significantly weighed down by a system that is intended to increase efficiency, but is having the opposite effect. The Court has sought to address this problem in other ways but is not convinced that the problem is being resolved.

**B.     Mr. Drees is prejudiced by the delay.**

Mr. Drees has been subject to the ultimate prejudice, deprivation of his liberty. He has remained confined since his arrest. Although it is not uncommon for a defendant to remain in custody pending trial, deprivation of person's liberty—a person presumed to be innocent—is not inconsequential. Further, the delay has deprived Mr. Drees of the ability to review the evidence against him. This disallows him to timely file appropriate motions and/or quickly seek resolution of the matter.

**C.     A continuance will not cure the prejudice.**

Mr. Drees has not waived his right to speedy trial. Neither has he requested a continuance in this case. Here, granting the Government a continuance will only serve to increase the impact of, rather than cure, the prejudice. As such, the Court finds that a continuance is inappropriate.

Dismissal without prejudice is the least severe sanction to accomplish compliance with the order. Other sanctions would either have no effect at curing the prejudice or have too severe an effect. As discussed above, ordering the Government to permit inspection of the evidence or granting a continuance will do nothing to mitigate the deprivation of Mr. Drees's liberty interest.[6] Prohibiting the introduction of the delayed-produced evidence would likely impact the Government's ability to pursue the charge.[7] Here, dismissing the case without prejudice balances the interest of providing Mr. Drees some reprieve with the Government's interest in pursuing the charge. This is the most just sanction under the circumstances.[8]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Without Prejudice (Doc. 11) is **GRANTED**.

**IT IS SO ORDERED**.

This case is closed.

Dated this 3rd day of March, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Fed. R. Crim. P. 16(d)(2)(A)–(B).

[7] Fed. R. Crim. P. 16(d)(2)(C).

[8] Fed. R. Crim. P. 16(d)(2)(D).